UNITED STATES COURT OF APPEAL
FOR THE SECOND CIRCUIT

| | |
|---|---|
| AVALON HOLDINGS CORPORATION,<br><br>        Plaintiff-Appellee,<br><br>-against-<br><br>GUY GENTILE,<br><br>        Defendant-Appellant,<br><br>and<br><br>MINTBROKER INTERNATIONAL, LTD.,<br><br>        Defendant. | 24-0999-CV |
| NEW CONCEPT ENERGY, INC.,<br><br>        Plaintiff-Appellee,<br><br>-against-<br><br>GUY GENTILE,<br><br>       Defendant-Appellant,<br><br>and<br><br>MINTBROKER INTERNATIONAL, LTD.,<br><br>       Defendant. | 24-1002-CV |

**DEFENDANT-APPELLANT GUY GENTILE'S OPPOSITION TO APPELLEES' MOTION FOR DISMISSAL OR A STAY OF PROCEEDINGS**

Defendant-Appellant Guy Gentile ("Appellant") respectfully submits the following opposition to the October 15, 2024, motion to dismiss or, in the alternative, stay proceedings (the "Motion"), filed by Appellees Avalon Holdings Corporation and New Concept Energy, Inc. (together, "Appellees") in the above-captioned appeals.

Appellant commenced these appeals, seeking review of a final judgment of the District Court, on April 16, 2024. Appellant filed his appeal briefs on July 30, 2024. On October 15, 2024, less than two weeks before the deadline for their responding briefs, Appellees filed a two-page motion seeking to dismiss or stay these two related appeals without a single citation to any case, statute, or other law. This Court should reject their delay tactic as baseless.

Appellees' Motion seeks to stay or dismiss the appeals on the sole basis that Appellant apparently "abandoned his prosecution by absconding, liquidating his assets, [and] going into hiding . . ." (Motion at 2.) Appellees claim that Appellant left his counsel "unable to communicate with him." But Appellees cite no law providing that an attorney cannot pursue an appeal that he was retained and instructed to pursue, and which involve questions of law based on an already-closed record below, if that attorney does not confer with his client during the pendency of the appeal.

Appellees also submit a transcript of a post-judgment hearing held before

Judge Cote on July 23, 2024. At that hearing, counsel for Appellant explained that he was retained and instructed to pursue these coordinated appeals, but was not retained to represent Appellant in connection with the post-judgment enforcement proceedings that were at issue at that hearing, and thus moved to withdraw before the District Court on that ground. (Motion, Ex. A at 2-7, 9.) Appellant's counsel also explained that Appellant did not, as Appellees claim, "disappear[ ]," but rather testified in a proceeding in Florida approximately two weeks before the District Court's hearing. (*Id*. at 9.)

Appellants' counsel further explained that, while he had recently been unable to contact his client, there were no issues of fact that required his input on appeal. Judge Cote recognized that while it was "unusual" for an attorney to pursue an appeal while being unable to communicate with a client, Judge Cote was "not suggesting that [Appellant's counsel] can't formulate arguments" and was not making any ruling as to what would be appropriate in connection with the appeals before this Court. (Motion, Ex. A at p. 6-7, 13.) The key portion of the discussion between Judge Cote and counsel for Appellant, Thomas Fleming, is set forth below:

> THE COURT: And you're not able to communicate with him despite your efforts to do so.
>
> MR. FLEMING: That's correct, your Honor.
>
> THE COURT: And you're pursuing an appeal on his behalf in those circumstances.

2

> MR. FLEMING: I am, your Honor.
>
> THE COURT: Doesn't that seem unusual?
>
> MR. FLEMING: It is unusual, your Honor. The question is really, is it improper, and I think it's not improper in the least. I think there are many defendants who have appeals. They're often unavailable to their attorneys. In the criminal world that happens. In the civil world, I mean the appeal is a legal issue. He authorized me and he asked me to file the appeal and to prosecute the appeal. And I don't know what he would add – he's a layperson -- to analyzing the court's rulings. I mean we discussed with him at length when the case was in the district court through what had happened and got information from him, but now that the record is closed, I don't know what he would add to it.
>
> So your Honor, I do feel, yes, of course, it's unusual. One generally likes to talk to a client and get feedback, but Mr. Gentile is not an attorney, and I don't know what he would really add to the appeal. So I feel that I can pursue the appeal and file an appeal on his behalf.
>
> THE COURT: No, I'm not suggesting that you can't formulate arguments. It's just unusual in a civil appeal, I think, for an attorney who is not being paid to pursue the appeal and can't communicate with their client to continue to pursue the appeal. But thank you for sharing that with me.

(Motion, Ex. A and pp. 6-7.) Judge Cote also expressly stated: "I'm not ruling as to what the Second Circuit would expect of counsel who appear before it." (*Id.* at 13.)

Appellees do not point to a single authority suggesting that Appellant's counsel cannot pursue his appeal – which he retained and instructed Appellant's counsel to pursue. Appellees' motion should thus be denied in its entirety.

3

Dated: New York, New York
October 25, 2024

          OLSHAN FROME WOLOSKY LLP

By: */s/ Thomas J. Fleming*
Thomas J. Fleming
Kerrin T. Klein
1325 Avenue of the Americas
New York, New York 10019
(212) 451-2300

*Counsel for Defendant-Appellant Guy Gentile*

4

## CERTIFICATE OF COMPLIANCE

I certify that pursuant to Rules 27 and 32 of the Federal Rules of Appellate Procedure, and Local Rule 27.1, the foregoing Opposition to Appellees' Motion for Dismissal or a Stay of Proceedings is proportionally spaced, and has a typeface of 14 points Times New Roman, and contains 776 words excluding the cover page and signature block.

/s/ *Thomas J. Fleming*

Thomas J. Fleming